UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

ELIJAH J. GUICHARDO, CARMEN C.
GUICHARDO, ELIDO A. GUICHARDO, and
CARMEN R. YENTES PUESAN,

                    Plaintiffs,

                    v.

SANDRA SELLERS HANSON, et al.,

                    Defendants.

**MEMORANDUM & ORDER**
15-CV-0585 (MKB)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiffs Elijah J. Guichardo, Carmen C. Guichardo, Elido A. Guichardo and Carmen R. Yentes Puesan, proceeding *pro se*, commenced the above-captioned action on February 4, 2015, against 109 Defendants, including "LaGuardia Community College, CUNY, The City College of New York" and multiple employees of each of the foregoing entities. (Compl. 1–6, 8,[1] Docket Entry No. 1.) The 307-page Complaint asserts claims pursuant to 42 U.S.C. § 1983 and alleges violations of, *inter alia*, the First and Fourteenth Amendments to the United States Constitution; Title IV of the Higher Education Act of 1965, 20 U.S.C. § 1070 *et seq.*; Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*; Articles 18, 19, 26 and 27 of the Universal Declaration of Human Rights; and 18 U.S.C. § 242.[2] (Compl. 7–9.) Plaintiffs also appear to assert various state-law claims including negligence and intentional infliction of emotional

---

    [1] Because the Complaint is not consecutively paginated, all citations to pages of the Complaint refer to the Electronic Document Filing System ("ECF") pagination.

    [2] As is discussed in greater detail below, the Complaint is not only voluminous but it is also largely indecipherable. Therefore, the precise claims that Plaintiffs intend to assert are not clear from the Complaint.

distress. (*Id.*) Plaintiffs seek monetary damages as well as "[v]indication of Elijah's name and his family's names," "[l]isted [f]aculty [and] [s]taff [m]embers' [s]uspension and revocation of their titles, licenses, badges, properties, etc.," and "[i]nstitutions' / entities' shutdown." (*Id.* at 7.) The Court grants Plaintiffs' requests to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the Court dismisses the Complaint and grants Plaintiffs leave to file an amended complaint within thirty (30) days from the date of this Memorandum and Order.

**I. Background**

Plaintiffs appear to allege that Elijah J. Guichardo ("Elijah") is (or was) a student at LaGuardia Community College. (Compl. 9.) Plaintiff Carmen C. Guichardo is Elijah's mother. (*Id.* at 13.) Plaintiff Elido A. Guichardo is Elijah's grandfather. (*Id.*) Plaintiff Carmen R. Yentes Puesan is Elijah's grandmother. (*Id.*)

The Complaint consists of an eleven-page pleading with 286 pages of documents attached to it. The Complaint does not include a "Statement of Claim," but instead refers to the "Factual Chronological Summary Attachment, Our Claim Attachment and the Rest of the Attachments." (*Id.* at 7.) The 286 pages of attached documents, in turn, appear to be divided into approximately seven sections as follows: (1) a list of the dates and descriptions of various alleged "incidents," many of which have no obvious relation to the remainder of the Complaint,[3] (*id.* at 13–28); (2) a series of pages written in Spanish, (*id.* at 29–34); (3) lists of "discriminatory people" and "witnesses," (*id.* at 35–42); (4) a multi-part list of "the five most discriminatory incidents experienced by Elijah Guichardo and family," (*id.* at 43–61); (5) a "factual chronological summary" of various incidents alleged to have violated Plaintiffs' rights, (*id.* at

---

[3] For example, one of the items in the list pertains to the hostility Plaintiffs were allegedly subjected to when they attempted to order pizza at a private restaurant. (Compl. 19.)

2

62–121); (6) "Part II of factual chronological summary," (*id.* at 122–134); and (7) various emails and letters, (*id.* at 135–307).

The Complaint appears to allege that Elijah was discriminated against while he was a student at LaGuardia Community College, and possibly at City College of New York. Plaintiffs appear to allege that Defendants created a "racially hostile environment" and engaged in race-based discrimination by grading Elijah "unfairly," subjecting Elijah to "more than excessive, unfair and illegal disciplinary sanctions or measures" and expelling Elijah. (*Id.* at 8.)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation and internal quotation marks omitted); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (same); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

   b.  **Standing**

In order to bring suit in a federal court, a plaintiff must establish that he has standing to pursue his claims under Article III of the United States Constitution. *E.M. v. N.Y.C. Dep't of Educ.*, 758 F.3d 442, 449 (2d Cir. 2014). "'The irreducible constitutional minimum of standing' derives from Article III, Section 2 of the U.S. Constitution, which limits federal judicial power to 'cases' and 'controversies.'" *Natural Res. Def. Council, Inc. v. U.S. Food & Drug Admin.*, 710 F.3d 71, 79 (2d Cir. 2013) (quoting U.S. Const. art. III, § 2 and *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). "To establish that a case or controversy exists so as to confer standing under Article III, a plaintiff must satisfy three elements: (a) the plaintiff must suffer an 'injury in fact,' (b) that injury must be 'fairly traceable' to the challenged action, and (c) the injury must be likely to be 'redressed by a favorable decision' of the federal court." *Id.* (citations omitted); *see also Hollingsworth v. Perry*, 570 U.S. ---, ---, 133 S. Ct. 2652, 2661 (2013) ("[F]or a federal court to have authority under the Constitution to settle a dispute, the party before it must seek a remedy for a personal and tangible harm."). To have standing to bring a Section 1983 action, a plaintiff must show that he was personally deprived of rights or privileges guaranteed by the United States Constitution. *See Collins v. W. Hartford Police Dep't*, 324 F. App'x 137, 139 (2d Cir. 2009) (finding that plaintiff "has no standing to challenge constitutional deprivations alleged to have been experienced by his mother — among other things, the appointment of her conservator, the freezing of her accounts, and the taking of her property" and had not adequately alleged that he personally had suffered a constitutional injury (citing *Allen v. Wright*, 468 U.S. 737, 751 (1984))); *Casino v. Feilding*, No. 13-CV-5095, 2013 WL 5970694, at *4 (E.D.N.Y. Nov. 8, 2013) (dismissing section 1983 claim brought by wife for violations of husband's civil

4

rights, noting that "[a] party may not assert a civil rights claim on behalf of another; each party must establish that he or she was personally deprived of rights or privileges secured by the Constitution" (quoting *McCloud v. Delaney*, 677 F. Supp. 230, 232 (S.D.N.Y. 1988)) (internal quotation marks omitted)).

Plaintiffs Carmen C. Guichardo, Elido A. Guichardo and Carmen R. Yentes Puesan have failed to show that they have suffered an injury in fact that is traceable to the conduct of Defendants. While it is difficult to discern Plaintiffs' claims from the 286 pages of documents attached to the Complaint and referred to by Plaintiffs as representing their statement of claim, the Complaint appears to challenge Elijah's treatment while he was a student at LaGuardia Community College. Although, in a number of places, the Complaint refers to harm done to "Elijah and us," the Complaint does not appear to advance any claims on behalf of Carmen C. Guichardo, Elido A. Guichardo or Carmen R. Yentes Puesan. Nor does the Complaint allege that these Plaintiffs were harmed by the discriminatory behavior to which Elijah was allegedly subjected.[4] The Complaint fails to identify any specific civil right or constitutional interest of Carmen C. Guichardo, Elido A. Guichardo or Carmen R. Yentes Puesan that has been, or is in imminent danger of being, affected by Defendants' conduct. Because all of the allegations stated in the Complaint appear to relate only to alleged harms to Elijah, all claims by Carmen C. Guichardo, Elido A. Guichardo and Carmen R. Yentes Puesan are dismissed for lack of standing.

c. **Rule 8 — short and plain statement of claim**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff's complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief."

---

[4] Plaintiffs state that Defendants "failed to provide Spanish speaking interpreters to Elijah's grandparents." (Compl. 14.) However, Plaintiffs do not allege how this failure violates their rights.

5

Fed. R. Civ. P. 8(a)(2). The "statement should be plain because the principal function of pleadings under the Federal Rules of Civil Procedure is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted); *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002); *see also Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) (defining "fair notice" as "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial" (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995))); 15 Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 1281 (3d ed. 2007) (noting that the statement should be short because "[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage"). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted).

When a complaint fails to comply with this rule, the district court may dismiss it *sua sponte*. *Simmons*, 49 F.3d at 86 ("When a complaint fails to comply with [Rule 8's] requirements, the district court has the power, on motion or *sua sponte*, to dismiss the complaint or to strike such parts as are redundant or immaterial."). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (quoting *Salahuddin*, 861 F.2d at 42); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (affirming dismissal of "88-page, legal size, single spaced *pro se* complaint" that "contained a labyrinthian prolixity of unrelated and vituperative charges that defied

comprehension" and thus "failed to comply with the requirement of Rule 8"); *see also Kalter v. Hartford Ins. Co. of the Midwest*, 24 F. Supp. 3d 230, 235 (E.D.N.Y. 2014) (dismissing complaint *sua sponte* because it contained "only broad, vague and generalized allegations" and thus failed to comply with Rule 8); *Henry v. Brown*, No. 14-CV-2828, 2014 WL 2112699, at *1 (E.D.N.Y. May 19, 2014) (dismissing a *pro se* complaint that alleged "no facts" to support a federal cause of action against the named defendant); *Fisch v. Consulate Gen. of Republic of Poland*, No. 11-CV-4182, 2011 WL 3847398, at *2 (S.D.N.Y. Aug. 30, 2011) (dismissing 476-page complaint that was "indisputably prolix and often unintelligible" because "[n]either this Court, nor any party, should have to wade through endless pages of narrative to discern the causes of action asserted and the relief sought").

Plaintiffs' Complaint fails to include a "short and plain statement of the claim" showing that they are entitled to relief. As an initial matter, Plaintiffs fail to state their claim in the Complaint and instead refer to several pages of the documents attached as exhibits which, as explained above, are lengthy, confusing, and partially in another language, and do not clearly state a claim. Moreover, it is nearly impossible to determine from the 286 pages of the attachments the precise nature of Plaintiffs' claims other than that they appear to relate to Elijah's role as a student at LaGuardia Community College. In addition, the pleadings are not sufficient to allow Defendants to respond in a meaningful manner. The Complaint is therefore dismissed without prejudice. *See Simmons*, 49 F.3d at 86.

Elijah is granted thirty (30) days' leave to file an amended complaint. Elijah is informed that if he elects to file an amended complaint it must contain a brief factual description of his claims. The facts should be alleged in chronological order by date. Each event should be described in a separate numbered paragraph. For each defendant that is named in the caption of

the amended complaint, Elijah must include a brief description of what each defendant did or failed to do, and how that act or omission caused him injury. Any amended complaint must be drafted in a clear and concise manner.[5] To the extent Plaintiffs Carmen C. Guichardo, Elido A. Guichardo and Carmen R. Yentes Puesan believe that they have standing to bring claims against the Defendants, they must also comply with the pleading requirements as set forth above.

### d. Universal Declaration of Human Rights

Plaintiffs allege Defendants violated Articles 18, 19, 26 and 27 of the Universal Declaration of Human Rights. (Compl. 14.) Despite the "moral authority" of this document, it does not "impose obligations as a matter of international law" nor does it provide a private right of action. *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 734–35 (2004) (explaining that Universal Declaration of Human Rights is an international agreement that does not give rise to legal obligations because it is merely a "statement of principles"); *see also United States v. Chatman*, 351 F. App'x 740, 741 (3d Cir. 2009) ("[T]he Universal Declaration of Human Rights is a non-binding declaration that provides no private rights of action."); *Huynh Thi Anh v. Levi*, 586 F.2d 625, 629 (6th Cir. 1978) ("[I]t does not appear that the Geneva Convention or the Declaration of Rights are in fact treaties in force in the United States."); *Chinloy v. Seabrook*, No. 14-CV-350, 2014 WL 1343023, at *4 (E.D.N.Y. Apr. 3, 2014) (collecting cases). Plaintiffs' claims based on violations of the Universal Declaration of Human Rights are therefore dismissed for failure to state a claim.

---

[5] The Court notes that a portion of the pages attached to the Complaint are written in Spanish. (Compl. 29–34.) The Court refers Plaintiffs to page forty-five of "A Manual for Pro Se Litigants Appearing Before the United States District Court for the Southern District of New York," *available at* http://www.nysd.uscourts.gov/file/forms/pro-se-litigants-manual, which states that complaints are to be written in English.

8

### e. 18 U.S.C. § 242

Plaintiffs also appear to assert claims pursuant to 18 U.S.C. § 242. (Compl. 7–8.) Section 242, however, is part of the United States criminal code and there is no private right of action under this section. *See Storm-Eggink v. Gottfried*, 409 F. App'x 426, 427 (2d Cir. 2011) ("[T]here is no private right of action under [18 U.S.C.] § 242 . . . ."); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (affirming dismissal of plaintiff's claim under 18 U.S.C. § 242 because this "criminal statutes . . . do[es] not provide private causes of action"). Plaintiffs' claims under 18 U.S.C. § 242 are therefore dismissed for failure to state a claim.

### III. Conclusion

For the foregoing reasons, the Complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and for failure to conform with the federal pleading requirements under Rule 8 of the Federal Rules of Civil Procedure. Plaintiff Elijah is granted thirty (30) days' leave to file an amended complaint. Plaintiffs Carmen C. Guichardo, Elido A. Guichardo and Carmen R. Yentes Puesan are also permitted to replead their complaint to the extent that they can establish standing. The amended complaint must be captioned as "Amended Complaint," and bear the same docket number as this Memorandum and Order. The amended complaint must include a statement of claim against each defendant named who was personally involved in the alleged deprivation of Plaintiffs' rights. Plaintiffs cannot rely on legal conclusions. Plaintiffs must provide clear and concise facts to support all of their claims. *See* Fed. R. Civ. P. 8(a). Plaintiffs must also provide the dates and locations of all relevant events.

If Plaintiffs fail to file an amended complaint within thirty (30) days, the Court shall dismiss this Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: November 6, 2015
      Brooklyn, New York