UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

ELIJAH J. GUICHARDO, CARMEN C.
GUICHARDO, ELIDO A. GUICHARDO and
CARMEN R. YENTES PUESAN,

                    Plaintiff,

                    v.

LAGUARDIA COMMUNITY COLLEGE et al.,

                    Defendants.

NOT FOR PUBLICATION

MEMORANDUM & ORDER
15-CV-585 (MKB)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      On February 4, 2015, Plaintiffs Elijah J. Guichardo, Carmen C. Guichardo, Elido A. Guichardo and Carmen R. Yentes Puesan, proceeding *pro se*, commenced the above-captioned action against 109 Defendants, including LaGuardia Community College, the City University of New York ("CUNY"), the City College of New York ("CCNY") and multiple employees of these entities. (Compl. 1–6, 8,[1] Docket Entry No. 1.) The 307-page Complaint asserted claims pursuant to 42 U.S.C. § 1983 and alleged violations of the First and Fourteenth Amendments to the United States Constitution, Title IV of the Higher Education Act of 1965, 20 U.S.C. § 1070 *et seq.*, Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*, Articles 18, 19, 26 and 27 of the Universal Declaration of Human Rights and 18 U.S.C. § 242. (*Id.* 7–9.) Plaintiffs also appeared to assert various state-law claims, including negligence and intentional infliction of emotional distress. (*Id.*) By Memorandum and Order dated November 6, 2015, the Court dismissed the Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and

---

[1] Because the Complaint is not consecutively paginated, all citations to pages of the Complaint refer to the Electronic Document Filing System ("ECF") pagination.

for failure to conform with the federal pleading requirements under Rule 8 of the Federal Rules of Civil Procedure (the "November 2015 Decision"). *Guichardo v. Hanson*, No. 15-CV-585, 2015 WL 6866308, at *1 (E.D.N.Y. Nov. 6, 2015).

On January 7, 2016, Plaintiffs filed an Amended Complaint naming most of the same Defendants named in the original Complaint and asserting all of the same claims that were brought in the Complaint. (Am. Compl., Docket Entry No. 10.) By Memorandum and Order dated May 20, 2016, the Court dismissed Plaintiffs' Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and for failure to conform to the pleading requirements pursuant to Rule 8 of the Federal Rules of Civil Procedure. (Memorandum & Order dated May 20, 2016 (the "May 2016 Order"), Docket Entry No. 12.) The Court also summarized Plaintiffs' litigation history and directed Plaintiffs to show cause, by written affirmation, why the Court should not enjoin them from filing without leave of Court any future complaints seeking *in forma pauperis* status. (*Id.*)

On June 6, 2016, Plaintiff Carmen Guichardo, on behalf of Plaintiffs, filed a response to the order to show cause.[2] (Resp. to Order to Show Cause, Docket Entry No. 13.) She asserts that Plaintiffs should not be barred from filing future *in forma pauperis* actions because any such filing injunction will violate their due process rights. (*See id.* ¶¶ 1–2.) Carmen Guichardo's response to the order to show cause does not offer any valid reason why Plaintiffs should not be required to seek leave of this Court before filing any future *in forma pauperis* actions in this

---

[2] A *pro se* litigant may represent herself but may not represent third parties. *See* 28 U.S.C. § 1654; *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (per curiam). This prohibition extends to non-lawyer parents who seek to represent their children. *See Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) (noting the "well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child"); *Forbes v. Facebook, Inc.*, No. 16-CV-404, 2016 WL 676396, at *1 (E.D.N.Y. Feb. 18, 2016).

Court. For the reasons discussed below, Plaintiffs are enjoined and restrained from filing any new *in forma pauperis* actions in the United States District Court for the Eastern District of New York without first obtaining leave of Court.

## I. Discussion

The Second Circuit has repeatedly held that the issuance of a filing injunction is appropriate when a plaintiff abuses the process of the courts to harass and annoy others with meritless, frivolous, vexatious or repetitive proceedings. *See Williams v. City Univ. of N.Y.*, 633 F. App'x 541, 543 (2d Cir. 2015) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." (quoting *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005))); *Safir v. U.S. Lines Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) ("That the district court possessed the authority to enjoin [the plaintiff] from further vexatious litigation is beyond peradventure." (collecting cases)). Filing restrictions have been held to comport with due process as long as the plaintiff is given notice and an opportunity to be heard. *See Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (per curiam) ("The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." (alteration, citation and internal quotation marks omitted)); *Mantis Transp. v. Kenner*, 45 F. Supp. 3d 229, 256 (E.D.N.Y. 2014) (same).

In determining whether to restrict a litigant's future access to the courts, the following factors should be considered:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has

3

> caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*In re Neroni*, 639 F. App'x 9, 11 (2d Cir. 2015) (quoting *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005). Applying these factors, the Court finds that Plaintiffs' frivolous filings detract from the legitimate actions before the Court.

Including the instant action, Plaintiffs have filed five separate *in forma pauperis* actions that have been dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B), four of which have also been dismissed for failure to conform with the federal pleading requirements under Rule 8 of the Federal Rules of Civil Procedure. *See Guichardo v. Dollar Tree*, No. 16-CV-1221 (E.D.N.Y. June 30, 2016) (dismissing complaint filed on March 9, 2016 for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and for failure to conform to the federal pleading requirements under Rule 8); *Guichardo v. Barraza*, No. 16-CV-1222 (E.D.N.Y. June 22, 2016) (dismissing complaint filed March 9, 2016 for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)); *Guichardo v. Keefrey*, No. 15-CV-6478, 2015 WL 7575904 (E.D.N.Y. Nov. 24, 2015) (dismissing complaint filed on November 5, 2015 for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and for failure to conform to the federal pleading requirements under Rule 8); *Guichardo v. Langston Hughes Queens Library*, No. 15-CV-2866 (E.D.N.Y. Nov. 20, 2015) (dismissing complaint filed May 14, 2015 for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and for failure to conform to the federal pleading requirements under Rule 8); *Guichardo v. Hanson*, No. 15-CV-585, 2015 WL 6866308 (E.D.N.Y. Nov. 6, 2015) (dismissing complaint filed February 4, 2015 for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and for failure to conform to the federal pleading requirements under Rule 8). In *Keefrey*, the Court warned Plaintiffs that it may impose

sanctions, including the imposition of an injunction prohibiting them from making future filings seeking *in forma pauperis* status without leave of Court, if they continued to file frivolous claims. *Keefrey*, 2015 WL 7575904, at *3. Plaintiffs thereafter filed amended complaints in the instant action and in *Keefrey* and filed complaints in *Dollar Tree* and in *Barraza*, all four of which were dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Keefrey*, No. 15-CV-6478, slip op. at 7 (E.D.N.Y. June 30, 2016); *Dollar Tree*, slip op. at 13; *Barraza*, slip op. at 7; (May 2016 Order at 11). Because Plaintiffs have filed seven pleadings that have been dismissed for failure to state a claim or for failure to comply with Rule 8, four of which were dismissed after Plaintiffs were warned against filing frivolous claims, the first and second factors weigh in favor of imposing an injunction. *See Neroni*, 639 F. App'x at 11 (finding that the first two factors supported a filing injunction because the plaintiff filed six separate actions, all of which were dismissed "for failure to state a claim or on procedural grounds"); *Stoner v. Young Concert Artists, Inc.*, 626 F. App'x 293, 296 (2d Cir. 2015) (affirming imposition of filing injunction where the plaintiff filed four frivolous actions), *cert. denied*, No. 15-1360, 2016 WL 2653716 (U.S. June 27, 2016).

The remaining factors also weigh in favor of imposing an injunction. Although Plaintiffs are proceeding *pro se*, which "would seem to weigh against an injunction, . . . a court's authority to enjoin vexatious litigation extends equally over *pro se* litigants" and thus "a court's special solicitude towards *pro se* litigants does not extend to the willful, obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff is calling to vindicate his rights." *Stoner v. Young Concert Artists, Inc.*, No. 13-CV-4168, 2014 WL 661424, at *9 (S.D.N.Y. Feb. 7, 2014) (internal quotation marks omitted) (quoting *Lipin v. Hunt*, 573 F. Supp. 2d 836, 845 (S.D.N.Y. 2008)), *aff'd in relevant part*, 626 F. App'x 293 (2d Cir. 2015); *see also Madden v.*

5

*Town of New Haven, Vt.*, No. 14-CV-266, 2015 WL 5554993, at *3 (D. Vt. Sept. 21, 2015) (noting that, in considering the third factor, "a litigant's *pro se* status is not a 'passport to waste the court's time indefinitely'" (quoting *Coon v. Sw. Vt. Med. Ctr.*, No. 13-CV-182, 2014 WL 4925115, at *7 (D. Vt. Sept. 30, 2014)))). As to the fourth factor, given Plaintiffs' repeated meritless filings, the Court finds that Plaintiffs have imposed an unnecessary burden on the Court. *See Neroni*, 639 F. App'x at 11 (stating that the fourth factor favored imposing an injunction where the plaintiff's "frequent lawsuits . . . unnecessarily burdened the Court and its personnel" (citing *Iwachiw*, 396 F.3d at 529)); *Stoner*, 2014 WL 661424, at *9 ("As for the fourth factor, there is no doubt that Plaintiff's relentless meritless litigation has burdened the courts . . . ."); *Madden*, 2015 WL 5554993, at *3 (noting that, in considering the fourth factor, the "burden on the courts" was "troubling, given [the plaintiff's] repeated filings"). Moreover, in spite of the Court's warning against filing frivolous pleadings, Plaintiffs thereafter filed two amended complaints and two complaints, all four of which were dismissed. Thus, the Court concludes that a lesser sanction would not be adequate. *See Iwachiw*, 396 F.3d at 529 (stating that the court "d[id] not find that another sanction would offer defendants and the courts adequate protection" where the *pro se* plaintiff had ten pending civil actions); *In re Dumont*, No. 15-AF-1, 2015 WL 736804, at *1 (N.D.N.Y. Feb. 20, 2015) (stating that "sanctions lesser than an anti-filing injunction would [be] unlikely [to] curb [the plaintiff's] excessive filings" where the plaintiff had commenced six *pro se* civil actions, all of which were dismissed as frivolous).

Accordingly, the Court orders that Plaintiffs are permanently enjoined and restrained from filing any new *in forma pauperis* action in the United States District Court for the Eastern District of New York without first obtaining leave of Court. The Clerk of Court is directed to

6

return to Plaintiffs, without filing, any action that is received without a separate application seeking leave to file said action. If Plaintiffs seek leave to file an action and the Court finds that the new action is not subject to this filing injunction, the Court shall grant Plaintiffs leave to file the new action and the civil action shall be filed and assigned a civil docket number. If leave to file is denied, Plaintiffs' submissions shall be filed on the Court's miscellaneous docket. A summary order denying leave to file shall be entered by the Clerk of Court and no further action will be taken.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

____s/ MKB____
MARGO K. BRODIE
United States District Judge

Dated: August 12, 2016
      Brooklyn, New York